CBS, INC.; Fox Broadcasting Co.; Group W/CBS Television Stations Partners, CBS Television Affiliates Association; Post–Newsweek Stations Florida, Inc.; KPAX Communications, Inc.; LWWI Broadcasting, Inc.; and Retlaw Enterprises, Inc., Plaintiffs,

v.

**PRIMETIME 24 JOINT VENTURE,** Defendant.

No. 96–3650–CIV.

United States District Court, S.D. Florida.

July 26, 1998.

Newsweek Stations Florida Inc., KPAX Communications, Inc., LWWI Broadcasting, Inc., Retlaw Enterprises, Inc.

David Michael Rogero, Akerman Senterfitt & Eidson, Miami, FL, for ABC, Inc., ABC Television Affiliates Association, FBC Television Affiliates, National Broadcasting Company, NBC Television Affiliates.

Brian F. Spector, Kenny Nachwalter Seymour Arnold Critchlow & Spector, Miami, FL, Andrew Z. Schwartz, Foley Hoag & Eliot, Boston, MA, for PrimeTime 24 Joint Venture.

Michael C. Zusman, Evans & Zusman, P.C., Portland, OR, for Michael C. Zusman.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NESBITT, District Judge.

This cause comes before the Court upon Defendant PrimeTime 24 Joint Venture's Renewed Motion for Summary Judgment, filed October 6, 1997 (D.E.# 167).

David Michael Rogero, Akerman Senterfitt & Eidson, Miami, FL, Lawrence A. Kasten, Gary Wilson, Thomas P. Olson, Natacha Steimer, James Wrathall, Wilmer Cutler & Pickering, Washington, DC, Jonathan C. Drimmer, Jay T. Smith, Covington & Burling, Washington, DC, for CBS Inc.

Natacha Steimer, James Wrathall, Wilmer Cutler & Pickering, Washington, DC, Jay T. Smith, Covington & Burling, Washington, DC, for Fox Broadcasting Co.

Natacha Steimer, James Wrathall, Wilmer Cutler & Pickering, Washington, DC, Neil K. Roman, Jonathan R. Galst, Michael X. Imbroscio, Jay T. Smith, Covington & Burling, Washington, DC, for CBS Television Affiliates Association, Post–

### BACKGROUND

This action involves an infringement dispute over Plaintiffs'[1] exclusive rights in copyrighted network television programs. Plaintiffs CBS, Inc. ("CBS"), and Fox Broadcasting Co. ("Fox") are two separate national television broadcast networks. The remaining Plaintiffs consist of several individual CBS network stations and a trade association of CBS affiliate stations. CBS and Fox own exclusive rights in copyrighted network television program such as "60 Minutes" and "The Simpsons". They broadcast their network programs nationwide through a network of local television stations that, in turn, transmit network programming to viewers locally. These local television stations—affiliates—

1. Plaintiffs consist of: CBS Inc., Fox Broadcasting Co., Group W/CBS Television Stations Partners (included as a Plaintiff in the Amended Complaint, D.E. # 100), CBS Tele-

vision Affiliates Association; Post–Newsweek Stations Florida, Inc.; KPAX Communications, Inc.; LWWI Broadcasting, Inc.; and Retlaw Enterprises, Inc.

are licensed to broadcast network programs to their local markets.

Plaintiffs contend that PrimeTime 24 Joint Venture ("PrimeTime") is infringing on Plaintiffs' copyright by rebroadcasting CBS and Fox network programming via satellite to its subscribers nationwide. The principal issue is whether Prime-Time's actions are permitted by the Satellite Home Viewers Act ("SHVA"), 17 U.S.C. § 119, which provides a limited statutory license to satellite carriers. The license in the SHVA permits PrimeTime to transmit network programming only to "unserved households".[2]

PrimeTime transmits network programming (including CBS and Fox programming) to satellite dish owners ("subscribers") nationwide. PrimeTime does not retransmit the signals of each local affiliate to its subscribers in that area;[3] rather, PrimeTime contracts with a CBS and Fox affiliate and broadcasts the programming from those affiliates to all of its subscribers. PrimeTime's broadcast substitutes the advertising in the affiliates' broadcasting with national advertising. *See* Judge Nesbitt's May 13, 1998 Order at 7.

PrimeTime does not have a license from CBS to retransmit its programming. PrimeTime has obtained a contractual license from Fox through an agreement with a Fox subsidiary, FoxNet, but that license extends only to "unserved households."

PrimeTime's motion for summary judgment raises three issues: 1) whether CBS and Fox have standing under 17 U.S.C. § 501, to bring an action for copyright infringement, 2) whether CBS Television

Affiliates Association has standing to pursue this matter on behalf of its members, and 3) whether Fox has standing to pursue this action in light of the Letter Agreement between FoxNet, a Fox subsidiary, and PrimeTime.

### STANDARD OF REVIEW

A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant bears the initial responsibility of informing the Court of the basis for its motion and of identifying those materials which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In response to a properly supported motion for summary judgment, "the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts which show a genuine issue for trial." Fed. R.Civ.P. 56(e). If the non-moving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the Court must enter summary judgment for the moving party. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Lib-*

---

**2.** An "unserved household" is defined in 17 U.S.C. § 119(d)(10) as

  a household that—
    (A) cannot receive, through the use of a conventional outdoor rooftop receiving antenna, *an over-the-air signal of grade B intensity (as defined by the Federal Communications Commission)* of a primary network station affiliated with that network, and
    (B) has not, within 90 days before the date on which that household subscribes, either initially or on renewal, to receive

secondary transmissions by a satellite carrier of a network station affiliated with that network, subscribed to a cable system that provides the signal of a primary network station affiliated with that network.
  17 U.S.C. § 119(d)(10) (emphasis added).

**3.** PrimeTime's service differs from cable which is required to carry local stations. *See Turner Broadcasting Sys. v. FCC*, 520 U.S. 180, 117 S.Ct. 1174, 137 L.Ed.2d 369 (1997).

*erty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis added). The Court is not to resolve factual issues, but may only determine whether factual issues exist. A material fact is one which "might affect the outcome of the suit under the governing law...." *Id.* at 248, 106 S.Ct. 2505. Therefore, the inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505.

## DISCUSSION

**I. Whether CBS And Fox have standing pursuant to 17 U.S.C. § 501**

■ PrimeTime claims that CBS and Fox do not have standing because 17 U.S.C. § 501(e) provides that only affiliates (not networks like CBS and Fox) may assert claims for alleged infringement of markets served by affiliates.

Standing in copyright actions is governed generally by 17 U.S.C. § 501(b), which provides that "the legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it." The SHVA amended 17 U.S.C. § 501 by adding subsection (e), which provides that for the purpose of infringement actions under the SHVA, "a network station holding a copyright or other license to transmit or perform the same version of that work shall, for purposes of subsection (b) of this section, be treated as *a legal or beneficial owner* if such secondary transmission occurs within the local service area of the station." 17 U.S.C. § 501(e) (emphasis added). Under the SHVA a network affiliate of CBS and Fox fall within the definition of a "network station".

PrimeTime interprets the addition of subsection (e) to indicate that *only* affiliates have standing to bring suits under the SHVA for infringements occurring within their areas of service. PrimeTime fails, however, to present any evidence by way of congressional intent or case law to support its contention.

A plain reading of the statute reveals that PrimeTime's interpretation is flawed. Section 501(b) confers standing on Fox and CBS as legal owners of an exclusive right under the Copyright laws. Nothing in Section 501(e) changes that result. Section 501(e) only provides that a network station shall be treated as "*a* legal or beneficial owner", not "*the* legal or beneficial owner". By providing that network stations could be treated as a legal or beneficial owner, Congress gave affiliates standing to sue satellite carriers for unlawfully broadcasting network programs within the stations' local service area.

This reading of 17 U.S.C. § 501 comports with general rules of statutory construction. *See Reiter v. Sonotone Corp.,* 442 U.S. 330, 338, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) ("in construing a statute we are obliged to give effect, if possible, to every word Congress used.") Additionally, the subsections following § 501(b) all expand, not restrict, the category of persons who have standing to sue for infringement. *See* 17 U.S.C. § 501(c) & (d). Thus, the Court finds that both network stations and their affiliates have standing to sue a satellite carrier for alleged infringements under the SHVA.

PrimeTime further argues that CBS and Fox have granted their affiliates the exclusive license to broadcast network programming thereby depriving "themselves of the statutory prerequisite to standing—the exclusive ownership of the right allegedly infringed." D.E. # 167 at 6. In support of its position, PrimeTime cites to *U.S. Naval Institute v. Charter Communications,* 936 F.2d 692, 695 (2d Cir.1991). However, that case is inapposite to the instant matter. In *Naval,* the plaintiff had granted an exclusive license to publish a paperback edition of "The Hunt for Red October". The *Naval* court found that as the defendant had the exclusive right to publish the book, it could not "be liable for infringing the copyright rights conveyed to it." *Na-*

*val,* 936 F.2d at 695. Here, however, PrimeTime has not been given an exclusive right to rebroadcast Plaintiffs' network programming.[4]

The instant matter is more akin to *Kamakazi Music Corp. v. Robbins Music Corp.,* 534 F.Supp. 69, 74 (S.D.N.Y.), *aff'd,* 684 F.2d 228 (2d Cir.1982). In *Kamakazi,* the court found that a copyright owner who had granted an exclusive license to another corporation, but received royalties, was a "beneficial owner" of exclusive rights in a work and had standing under 17 U.S.C. § 501(b). Similarly, CBS and Fox grant their affiliates the right to rebroadcast its programming, but receives a large percentage of the revenue derived from advertising broadcast during the programming. Considering that networks retain a strong interest in its network programming, the Court finds that Fox and CBS are "beneficial owners" and have standing to sue even if they grant an exclusive license to their affiliates. *See id.*

## II. Whether CBS Television Affiliates Association has standing to pursue this matter on behalf of its members

PrimeTime asserts that CBS Television Affiliates Association ("Affiliates") lacks standing to pursue injunctive relief.[5] However, as the Court has found that CBS has standing to obtain the same injunctive and declaratory relief sought by Affiliates, there is no need to analyze Affiliates' standing. *See, e.g., Watt v. Energy Action Educ. Found.,* 454 U.S. 151, 160, 102 S.Ct. 205, 70 L.Ed.2d 309 (1981) ("Because we find California has standing, we do not consider the standing of the other plaintiffs"); *Carey v. Population Servs. Int'l,* 431 U.S. 678, 682, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977) (when court determines that at least one plaintiff has standing to challenge all aspects of asserted claims, it

need not determine the standing of other plaintiffs); *Planned Parenthood Ass'n v. Miller,* 934 F.2d 1462, 1465 n. 2 (11th Cir.1991) ("Since Dr. Moore has standing, we need not consider the standing of the other parties.").

## III. Whether Fox has standing in light of the Letter Agreement FoxNet entered into with PrimeTime

PrimeTime contends that Fox does not have standing due to a license agreement it entered into with Fox's subsidiary, Fox-Net. The license agreement grants PrimeTime an exclusive license to deliver Fox programming by satellite to unserved households as defined by the SHVA. *See* D.E. # 170, Ex. E. PrimeTime maintains that if an action lies, it is contractual in nature because the issue revolves around whether it has exceeded the scope of the license granted.

■ However, to the contrary, it is well settled that federal copyright law jurisdiction exists where a copyright owner claims that a licensee exceeded the scope of its license. *See* Paul Goldstein, *Copyright* § 13.2.1.1 (2d ed.1996); *see, e.g., MCA Television Ltd. v. Feltner,* 89 F.3d 766, 768 (11th Cir.1996), *cert. denied,* 520 U.S. 1117, 117 S.Ct. 1248, 137 L.Ed.2d 330 (1997) (federal district court had subject matter jurisdiction under copyright law where defendant broadcasted plaintiff's television programs after plaintiff had terminated its license); *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1087 (9th Cir.1989) ("A licensee infringes the owner's copyright if its use exceeds the scope of the license.").

The cases cited by PrimeTime in support of its position, do not suggest otherwise. In *Saturday Evening Post Co. v. Rumbleseat Press, Inc.,* 816 F.2d 1191 (7th Cir.1987), Judge Posner recognized that a

---

4. Although FoxNet, a Fox subsidiary did give PrimeTime a license to rebroadcast its programming, that license was limited to "unserved households" as defined by the SHVA.

5. Although a portion of PrimeTime's Memorandum concerns Affiliates' standing to pursue damages, Plaintiffs' Amended Complaint requests statutory damages for all Plaintiffs other than Affiliates. Amd.Compl., D.E. # 100 at 19. Therefore, this issue is moot.

suit to enforce an arbitration clause in a license agreement does not arise under the Copyright Act where copyright issues arise only by way of defense (the well-pleaded complaint rule). Unlike in *Rumbleseat*, Plaintiffs' Amended Complaint alleges copyright infringement.

In *Silverstar Enterprises, Inc. v. Aday*, 537 F.Supp. 236, 238 (S.D.N.Y.1982), the court concluded that the Copyright Act was not implicated because it was undisputed that plaintiff's claim arose from the license agreement. Finally, in *Kiwanis Int'l v. Ridgewood Kiwanis Club*, 806 F.2d 468, 472 (3d Cir.1986), *cert. dismissed*, 483 U.S. 1050, 108 S.Ct. 362, 97 L.Ed.2d 812 (1987), the plaintiff brought suit specifically to enforce its rights under contract. As opposed to these two cases, Plaintiffs have specifically asserted that PrimeTime has exceeded its authority pursuant to the SHVA. As the license between FoxNet and PrimeTime is limited to "unserved households" as defined by the SHVA, the Court rejects PrimeTime's position that Fox does not have standing to present a federal copyright infringement claim.

■ Next, PrimeTime contends that Fox cannot pursue this action because it did not negotiate in good faith as required by the contract PrimeTime entered into with FoxNet. According to the agreement, PrimeTime and FoxNet were to "cooperatively identify areas in which ... 'unserved households' [were] likely to exist ... for use ... by [PrimeTime] in the sale of FoxNet Service...." PrimeTime maintains that Fox has breached this provision because FoxNet has refused to begin such discussions.

Plaintiffs refute PrimeTime's assertion that Fox failed to negotiate on these issues. According to Plaintiffs, during the fall of 1996, Fox engaged in lengthy negotiation with PrimeTime. *See* D.E. # 171 at 12–13; D.E. # 170 Ex. F at ¶ 9. Fur-

thermore, Plaintiffs contend that PrimeTime's position that it would not agree to comply with the SHVA's grade B intensity standard rendered further negotiations pointless. *Id.*

When considering a motion for summary judgment, "the evidence of the nonmovant [Plaintiffs] is to be believed, and all justiciable inferences are to be drawn in his favor." *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. The evidence Plaintiffs have presented create an issue of material fact as to whether Fox failed to negotiate with PrimeTime as required by the contractual agreement between FoxNet and PrimeTime. Therefore, PrimeTime's Motion for Summary Judgment as to Fox is **DENIED.**[6]

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion for Summary Judgment (D.E.# 167) is **DENIED** in its entirety.

## ORDER

This cause comes before the Court upon Defendant's, PrimeTime 24 Joint Venture ("Defendant"), Unopposed Motion for Extension of Time, filed July 16, 1998 (D.E. #257), and Defendant's Request for Hearing on Plaintiffs' Motion for Summary Judgment, filed July 20, 1998 (not docketed yet).

After due consideration, it is hereby **ORDERED** and **ADJUDGED** that

1. Defendant's Motion for Extension of Time (D.E. #257) is **GRANTED in part.** Defendant shall have until and including July 24, 1998, in which to respond to Plaintiffs' Motions in Limine, and until July 29, 1998 at 4:00 p.m. within which to file a Joint Pretrial Stipulation (a courtesy copy

---

6. In addition, as Plaintiffs point out, PrimeTime entered into the agreement with FoxNet on approximately November 28, 1995. However, because the statute of limitations for copyright infringement is three years, 17 U.S.C. § 507(b), at the very least, Fox has standing to sue for PrimeTime's allegedly unlawful transmissions of Fox programming from December 20, 1993 to November 28, 1995.

of which shall be hand delivered to chambers).

2. Defendant's Request for Hearing on Plaintiffs' Motion for Summary Judgment (not docketed yet) is **DE-NIED** as the Court has deferred said motion until after the presentation of evidence at trial.